Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 1224 | DATE | OCTOBER 18, 2001 |
| CASE TITLE | CAROL COLLINS v. DEAN FOODS COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for summary judgment [16-1] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant Dean Foods Company and against plaintiff Carol Collins dismissing plaintiff's cause of action with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | OCT 19 2001 date docketed | 26 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | OCT. 18, 2001 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| cw | courtroom deputy's initials | Date/time received in central Clerk's Office | mqm mailing initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAROL COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00 C 1224 |
| | ) | |
| DEAN FOODS COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Carol Collins is a former employee of defendant Dean Foods Company. In a <u>pro se</u> complaint, plaintiff alleges that, because she is African-American, defendant discharged her and denied her promotions in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u>, and in violation of 42 U.S.C. § 1981. Plaintiff was granted leave to proceed <u>in forma pauperis</u> and counsel was subsequently appointed to represent her. Presently pending is defendant's motion for summary judgment. Defendant contends the undisputed facts show that plaintiff was discharged because of excessive absenteeism, not because of her race. As to the promotions, defendant contends most are outside the statute of limitations and that it also cannot be shown that any denial of a promotion was because of plaintiff's race. Defendant also contends plaintiff's claims

should be dismissed because plaintiff's financial affidavit supporting her motion to proceed in forma pauperis contained false statements as to her income.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. Schneiker v. Fortis Insurance Co., 200 F.3d 1055, 1057 (7th Cir. 2000); Baron v. City of Highland Park, 195 F.3d 333, 337-38 (7th Cir. 1999). The burden of establishing a lack of any genuine issue of material fact rests on the movant. Wollin v. Gondert, 192 F.3d 616, 621-22 (7th Cir. 1999); Essex v. United Parcel Service, Inc., 111 F.3d 1304, 1308 (7th Cir. 1997). The nonmovant, however, must make a showing sufficient to establish any essential element for which she will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Shank v. William R. Hague, Inc., 192 F.3d 675, 681 (7th Cir. 1999); Wintz v. Northrop Corp., 110 F.3d 508, 512 (7th Cir. 1997). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. Celotex, 477 U.S. at 324. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. See NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 236 (7th Cir.), cert. denied, 515 U.S. 1104 (1995); Covalt v. Carey Canada, Inc., 950 F.2d 481, 485 (7th Cir. 1991); Collins v. Associated Pathologists, Ltd., 844 F.2d 473, 476-77 (7th Cir.), cert.

denied, 488 U.S. 852 (1988). As the Seventh Circuit has summarized:

> The moving party bears the initial burden of directing the district court to the determinative issues and the available evidence that pertains to each. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); id. at 325 ("the burden on the moving party may be discharged by 'showing'-- that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case"). Then, with respect to issues that the non-moving party will bear the burden of proving at trial, the non-moving party must come forward with affidavits, depositions, answers to interrogatories or admissions and designate specific facts which establish that there is a genuine issue for trial. Id. at 324. The non-moving party cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue. Id. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Selan v. Kiley, 969 F.2d 560, 564 (7th Cir. 1992).

On March 1, 2000, plaintiff filed a financial affidavit in support of her application to proceed in forma pauperis. In that affidavit, she stated that she was earning $200 to $250

take-home pay every other week, working part-time for Intertech Group, Inc. At her November 1, 2000 deposition, however, plaintiff testified that, in addition to working at Intertech on weekends, she worked full-time for Remedy Corporation with gross pay of approximately $680 per week. This work assignment was through a temporary agency and lasted from December 1999 until April or May 2000. In an affidavit provided in response to defendant's summary judgment motion, plaintiff states: "The representations I made on my Pauper's Affidavit regarding my salary were true and I could not afford to hire my own private attorney at the time." Plaintiff offers no explanation as to why she testified otherwise at her deposition. Neither side offers any documentary evidence of plaintiff's earnings, such as pay statements or tax returns.

A genuine factual dispute is not adequately supported by a conclusory statement in an affidavit that contradicts prior deposition testimony. Patterson v. Chicago Association for Retarded Citizens, 150 F.3d 719, 724 (7th Cir. 1998). Therefore, it must be accepted as true that plaintiff omitted from her financial affidavit that, in addition to the part-time employment reported on the affidavit, she was working full-time and earning approximately $3,000 more per month in gross pay. That was material information. Had plaintiff truthfully informed the court that she was earning a total of approximately $4,000 per month in gross pay, she would not have been granted leave to proceed in forma pauperis. Cf. Hrobowski v. Commonwealth Edison

Co., 203 F.3d 445, 446 (7th Cir. 2000). Moreover, when a person reports part-time employment, but omits full-time employment, the only reasonable inference is that the omission was intentional. Cf. Thomas v. General Motors Acceptance Corp., 149 F. Supp. 2d 495, 498 (N.D. Ill. 2001).

Section 1915(e)(2)(A) of Title 28 provides that the court "shall" dismiss the case at any time if it is determined that the allegation of poverty is untrue. Since plaintiff's omission was intentional and affected the decision to grant *in forma pauperis* status, dismissal of the present case is mandatory. Thomas, 149 F. Supp. 2d at 497; Moreland v. Hu-Friedy Manufacturing Co., 1997 WL 543066 *3-4 (N.D. Ill. Aug. 29, 1997). See also Hrobowski, 203 F.3d at 448 (dictum). Whether the dismissal is with or without prejudice is within the court's discretion. Mathis v. New York Life Insurance Co., 133 F.3d 546, 547-48 (7th Cir. 1998); Thomas, 149 F. Supp. 2d at 497. Here, the false statement clearly was intentional and involved a substantial understatement of income. Moreover, as is discussed below, even if the merits of plaintiff's claims were to be considered, defendant would be entitled to summary judgment. Accordingly, the dismissal will be with prejudice.

Alternatively, considering the merits of plaintiff's claims, defendant would be entitled to summary judgment. Resolving all genuine disputes and drawing all reasonable inferences in plaintiff's favor, the facts assumed to be true for purposes of summary judgment are as follows. Defendant is a

distributor of dairy and specialty food products. In November
1995, plaintiff began to work for defendant as an administrative
assistant in the corporate credit department, a "non-exempt"
position. In that position, she was responsible for assisting
the department head and credit managers by performing such tasks
as typing correspondence, maintaining files, generating quarterly
reports, making travel arrangements, and monitoring the
department's vacation and sick days. The credit analyst in the
department was responsible for similar clerical duties.

Exclusive of scheduled vacation time, in 1997 plaintiff
missed 48.5 days of work, 26 days in 1998, and 18.5 days in 1999
before being discharged on April 9, 1999. This is a total of 93
days absent in two and a quarter years. The absences were
sporadic. Plaintiff states in an affidavit that she was ill and
unable to work on all the occasions. Defendant does not provide
any employment records, but does provide the affidavit of Mary
Ann Jack, one of its Human Resources employees. In that
affidavit, Jack conclusorily states that several times Collins
did not provide timely medical documentation. In plaintiff's
affidavit, that statement is conclusorily disputed. No medical
records are provided, but defendant does point to plaintiff's
testimony regarding a January 1999 automobile accident following
which plaintiff was absent for two and one-half weeks. During
that time, plaintiff admits that she still worked a security job
during the weekends, including one 11-hour day and one 13-hour
day, but contends that work only required sitting while her work

at defendant was more physically demanding. Also, she was receiving physical therapy on each weekday. Near the end of her absence, plaintiff provided medical documentation from a chiropractor who was treating her. The chiropractor completed defendant's "Certification of Physician or Practitioner" form in which he stated that plaintiff had been treated daily and was now ready to return to light work. On summary judgment, it must be assumed that plaintiff generally had sufficient medical reasons for being absent.

During the same time period that plaintiff was absent 93 days, the average non-exempt employee of defendant was absent 20 days. The employee with the next highest absences was absent 70 days due to a serious medical condition requiring hospitalization and follow-up outpatient treatment.

In April 1998, LaSalle Smith became plaintiff's supervisor. Upon taking that position, Smith examined the personnel records of employees and took note of plaintiff's excessive absences.

On January 7, 1999, plaintiff was in an automobile accident. She was treated at a hospital, but did not remain overnight. She cut her knee and had leg and chest pain. Plaintiff did not speak to Smith, instead leaving him voice mail messages before and after regular work hours. On January 20, Jack wrote to plaintiff reminding her of her obligation to keep defendant informed and requesting medical documentation of her absence. In response, plaintiff telephoned Jack and provided the

documentation from her chiropractor that stated she could return to work on January 25. Upon her return on January 25, plaintiff met with Jack and Smith. They showed her company records of her absences and advised her the absences were excessive and that she was at risk of being terminated for excessive absenteeism. Jack also provided a written memorandum to this effect. Plaintiff expressed disagreement with the number of absences (76 full and 24 part-day) stated in the memorandum. On summary judgment, however, plaintiff presents no competent evidence raising a genuine factual dispute as to the 93 absences previously described.

In early April 1999, plaintiff's department was preparing to move to a new building. This was a particularly important time for all employees to be present. Plaintiff, however, was absent on April 5 and 6, then arrived late on April 7 and announced she would be leaving early. After plaintiff left early, Smith consulted with Jack and decided to discharge plaintiff. Plaintiff was discharged effective April 9, 1999.

Plaintiff contends that four other employees, presumably not African-American, had similar attendance records but were not terminated. Other than naming the employees, plaintiff provides no evidence regarding their absences. As to two of the named employees, defendant provides evidence that during the time period plaintiff was absent 93 days, one was absent 30 days during surgery and follow-up treatment and one was absent five days for surgery. The other two named employees are "exempt"

salaried employees, whom defendant contends are not similarly situated because covered by a different attendance and leave policy. In any event, as to the latter two, there is no evidence in the record regarding their number of absences.

Plaintiff does not contend she has any direct evidence of discrimination. Therefore she must rely on the indirect method of proof set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and its progeny. Wade v. Lerner New York, Inc., 243 F.3d 319, 322 (7th Cir. 2001). Under the indirect method, plaintiff must first establish a prima facie case of discrimination. If she does so, a burden of production shifts to defendant to offer a legitimate and nondiscriminatory reason for the adverse employment action. If defendant makes this showing, plaintiff must show that defendant's proffered reason was pretext. Id.; Freeman v. Madison Metropolitan School District, 231 F.3d 374, 379 (7th Cir. 2000). At all times, the burden of persuasion remains with plaintiff. Jackson v. E.J. Brach Corp., 176 F.3d 971, 982 (7th Cir. 1999); Adreani v. First Colonial Bankshares Corp., 154 F.3d 389, 394 (7th Cir. 1998). To show that an employer's stated ground for an adverse employment action is pretextual, a plaintiff generally must present either direct evidence that an illegitimate ground was a motivating factor in the employer's decision or present a material factual dispute as to the sincerity of the proffered reason. Freeman, 231 F.3d at 379; Collier v. Budd Co., 66 F.3d 886, 892 (7th Cir. 1995)

(quoting Colosi v. Electri-Flex Co., 965 F.2d 500, 502 (7th Cir. 1992)). As to the latter, it must be shown (a) that the proffered reason had no basis in fact, (b) that the proffered reason did not actually motivate the decision, or (c) that the reason was an insufficient reason to motivate the adverse action. Freeman, 231 F.3d at 379; O'Connor v. DePaul University, 123 F.3d 665, 670 (7th Cir. 1997); McClendon v. Indiana Sugars, Inc., 108 F.3d 789, 798 (7th Cir. 1997); Collier, 66 F.3d at 892 (quoting Cliff v. Board of School Commissioners of City of Indianapolis, Ind., 42 F.3d 403, 412 (7th Cir. 1994)).

A prima facie case of a discriminatory discharge can be made out by showing that: (1) plaintiff was a member of a protected class (African-American); (2) she was performing to her employer's legitimate expectations; (3) she was discharged; and (4) a similarly situated employee outside the protected group was treated more favorably. Logan v. Kautex Textron North America, 259 F.3d 635, 639 (7th Cir. 2001). Plaintiff fails to make out a prima facie case of a discriminatory discharge because she has not shown that the fourth element is satisfied. She has not presented evidence to show that any similarly situated non-African-American was treated more favorably. Also, she has not shown that the second element is satisfied; it is legitimate for an employer to expect regular attendance. The undisputed evidence shows that plaintiff's absences were excessive. Evidence supports that plaintiff had medical justifications for some of her absences. However, an employer may still choose to

discharge an employee who is excessively absent even if the absences were caused by the employee's medical conditions. See EEOC v. Yellow Freight System, Inc., 253 F.3d 943, 948-49 (7th Cir. 2001) (en banc). Defendant would be entitled to summary judgment on plaintiff's discriminatory discharge claim.

A prima facie case of a discriminatory failure to promote can be made out by showing: (1) plaintiff was a member of a protected class (African-American); (2) she applied for and was qualified for an open position; (3) she was not promoted; and (4) a person outside the protected group received the promotion or the position remained open. Wade, 243 F.3d at 323-24; Howard v. Lear Corp. EEDS & Interiors, 234 F.3d 1002, 1005-06 (7th Cir. 2000); Bell v. Environmental Protection Agency, 232 F.3d 546, 549 (7th Cir. 2000); Hasham v. California State Board of Equalization, 200 F.3d 1035, 1044 (7th Cir. 2000). Alternatively, the fourth element may be satisfied by other evidence from which a discriminatory intent may be inferred. Hasham, 200 F.3d at 1044; Pafford v. Herman, 148 F.3d 658, 669 (7th Cir.), cert. denied, 525 U.S. 1020 (1998).

Plaintiff filed her EEOC charge of discrimination on Wednesday, August 18, 1999. Therefore, her Title VII claims are limited to those that accrued 300 days before that, which would be October 22, 1998. 42 U.S.C. § 2000e-5(e)(1); Miller v. American Family Mutual Insurance Co., 203 F.3d 997, 1003 (7th Cir. 2000). However, plaintiff's claims are also pursuant to 42 U.S.C. § 1981, see Hunt v. City of Markham, Ill., 219 F.3d 649

(7th Cir. 2000), which has a two-year statute of limitations. Smith v. City of Chicago Heights, 951 F.2d 834, 839 (7th Cir. 1992); Smith v. Chicago Park District, 1999 WL 33883 *2 (N.D. Ill. Jan. 11, 1999), aff'd by unpublished order, 221 F.3d 1339 (7th Cir. 2000). The § 1981 claims may include claims that accrued within two years of the Wednesday, March 1, 2000 filing of the complaint, which would be March 1, 1998. Each of plaintiff's failure to promote claims accrued when she learned she did not receive the particular promotion. Jones v. Merchants National Bank & Trust Co. of Indianapolis, 42 F.3d 1054, 1058 (7th Cir. 1994); Johnson v. Avis Rent a Car System, Inc., 2001 WL 406646 *9 (S.D. Ind. March 22, 2001). Four of the promotions referred to in plaintiff's statement of facts accrued after March 1, 1998.

As to most of the promotions, no evidence is presented to support that plaintiff was qualified for the positions. However, defendant generally does not raise this as a ground for summary judgment so plaintiff was not obliged to present evidence supporting this element. Instead, the grounds raised by defendant will be considered in turn as to each promotion. The facts plaintiff presents in her statement of fact, see Pl. Local Rule 56 Statement of Facts ¶¶ 40-43, are supported by plaintiff's affidavit. A number of the facts contained therein, however, cannot be based on plaintiff's personal knowledge. As to such facts, if disputed by defendant, plaintiff's affidavit is incompetent to support a genuine factual dispute.

In March 1998, plaintiff applied for and interviewed for the executive secretary position with defendant's president. A White woman was hired for the position. Plaintiff proffers the legitimate reason that the other woman was hired because she had a better attendance record. Plaintiff presents no competent evidence disputing that the other woman had a better attendance record nor does she present any evidence supporting that this proffered reason was a pretext for discrimination. Defendant would be entitled to summary judgment on this claim.

In July 1998, plaintiff applied for a legal secretary position. Neither plaintiff nor anyone else was interviewed for the position because defendant instead decided to fill the position using individuals from a temporary agency. No evidence is presented to support that the decision to use temporary employees was a pretext for discrimination. Defendant would be entitled to summary judgment on this claim.

In September 1998, plaintiff applied for a sales coordinator position. Plaintiff was interviewed twice and the interviewer told her he was impressed with her skills. The person hired was a White woman with no previous sales experience.[1] Plaintiff does not dispute, however, that the sales coordinator position would have been a lateral transfer, not a promotion. The denial of a lateral transfer does not constitute

---

[1] This fact is not supported by competent evidence, but defendant admits it is true for purposes of the summary judgment motion. There is also no evidence that plaintiff had any sales experience.

an adverse employment action supporting a Title VII or § 1981 claim. See Brown v. Brody, 199 F.3d 446, 455-57 (D.C. Cir. 1999); Quiroz v. Hartgrove Hospital, 1999 WL 281343 *12 (N.D. Ill. March 25, 1999); Smith v. Alabama Department of Corrections, 145 F. Supp. 2d 1291, 1297-1300 (M.D. Ala. 2001). Compare Williams v. Bristol-Myers Squibb Co., 85 F.3d 270, 274 (7th Cir. 1996) (requiring an employee to be laterally transferred is not an adverse employment action). Therefore, defendant would be entitled to summary judgment on this claim.

In March 1999, plaintiff applied for an administrative position in the Human Resources Department. Before any decision was made on this position, plaintiff was discharged. Because she had been discharged, she was no longer considered for the Human Resources position. As discussed above, the discharge was for nondiscriminatory reasons. There is no evidence that declining to further consider her because of her discharge was a pretext for discrimination. Therefore, defendant would be entitled to summary judgment as to this claim.

Because plaintiff intentionally included materially false information on her financial affidavit, this case must be dismissed as required by 28 U.S.C. § 1915(e)(2)(A). That dismissal will be with prejudice. Defendant would also be entitled to summary judgment on the merits of plaintiff's claims.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [16-1] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant Dean Foods

Company and against plaintiff Carol Collins dismissing plaintiff's cause of action with prejudice.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 18, 2001